IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-24-WW

| | |
|---|---|
| DONNIE R. HANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings **[DE's 12-13 & 16-17]**. Plaintiff has also filed a response to Defendant's motion **[DE-24]**, and the time for any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. The underlying action seeks judicial review of the final decision by Defendant denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental social security income payments ("SSI"). This case is before the undersigned Magistrate Judge upon transfer pursuant to the consent of the parties under 28 U.S.C. § 636(c)(1) **[DE-21]**.

## Statement of the Case

Plaintiff applied for DIB and SSI on January 31, 2003 alleging that he became unable to work on February 15, 2001 (Tr. 17). Plaintiff's applications were denied at the initial and

1

reconsideration levels of review. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on May 11, 2005. *Id.* That ALJ determined on July 29, 2005 that Plaintiff was not disabled. *Id.* However, the Social Security Administration's Office of Hearings and Appeals("Appeals Council") granted Plaintiff's request for review on November 28, 2005. *Id.* Accordingly, a second hearing was held on March 9, 2006. *Id.* at 17-30. On August 26, 2006 another ALJ found that Plaintiff was not disabled. *Id.* The Appeals Council denied Plaintiff's request for review of the August 26, 2006 decision. *Id.* at 9-12. Thus, the August 26, 2006 findings are Defendant's final decision. Plaintiff filed the instant action on February 12, 2007 **[DE-3]**.

## **Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v.

2

Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

## **Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f). Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation in his August 26, 2006 decision. First, the ALJ stated that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision (Tr. 29). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) reduced cognitive functioning; 2)

3

depression; 3) chest pain; 4) asthma; 5) pain in his feet; and 6) sleep apnea. *Id.* at 25. In completing step three, however, the ALJ determined that none of these impairments, either singly or in combination, were severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. *Id.* at 29.

The ALJ then proceeded with step four of his analysis and determined that Plaintiff retained the residual capacity to perform a wide range of unskilled medium work. *Id.* at 27. Based on this finding, the ALJ found that Plaintiff could not perform any of his past relevant work. *Id.* at 28. Finally, at step five the ALJ concluded that there were a significant number of jobs in the national economy that Plaintiff could perform *Id.* at 28-30. Accordingly, the ALJ determined that Plaintiff was not under a disability at any time through the date of his decision. *Id.* at 29-30.

Plaintiff presents one assignment of error in this matter. Specifically, Plaintiff argues that the ALJ failed to properly consider Listing 12.05B in determining whether Plaintiff's impairments met or medically equaled a listed impairment. During the March 9, 2006 hearing in this matter, Plaintiff's counsel specifically argued that Plaintiff met Listing 12.05B. *Id.* at 395. Listing 12.05 states in pertinent part:

> 12.05 Mental Retardation: Mental Retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . .
>
> B. A valid verbal, performance, or full scale IQ of 59 or less . . .

4

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05.

The introduction to this Listing elaborates upon this standard, noting:

> The structure of the listing for mental retardation (12.05) is different from that of other mental disorder listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing. Paragraphs A and B contain criteria that describe disorders we consider severe enough to prevent your doing any gainful activity without any additional assessment of functional limitations.
> 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00, Introduction.

Thus, Plaintiff meets Listing 12.05 if he can satisfy the diagnostic description in the first paragraph along with any one of the following four sets of criteria. With regard to meeting the diagnostic criteria of the first paragraph (i.e.–subaverage general intellectual functioning with an onset before age 22), the Fourth Circuit has stated that "[w]e must and do assume . . . that in the absence of any evidence of a change in [a] plaintiff's intellectual functioning" an individual's IQ remains constant throughout life. Braham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985).

In the instant matter a North Carolina Department of Health and Human Services psychologist, Dr. Edward English, evaluated Plaintiff on September 13, 2001 (Tr. 167-169). During this evaluation Dr. English administered the Wechsler Adult Intelligence Scale–Third Edition (WAIS-III). *Id.* at 168. Dr. English observed that Plaintiff achieved the following scores on the WAIS–III: 1) Verbal Scale IQ 62; 2) Performance Scale IQ 60; and 3) Full Scale IQ 58. *Id.* Furthermore, Dr. English stated that these test scores were valid and

diagnosed Plaintiff with mild mental retardation. *Id.* at 168-169.

Another evaluation of Plaintiff's intelligence was conducted by Donna M. Daniels, M.A. on July 2, 2003. *Id.* at 279-282. Ms. Daniels stated that Plaintiff had a: 1) Full Scale IQ of 53; 2) Verbal Scale IQ of 61; and 3) Performance Scale IQ of 53. *Id.* at 280. She further stated that "these results can be considered a reliable estimate of his current abilities." *Id.* Plaintiff was diagnosed as being mildly mentally retarded. *Id.* at 281.

Despite the fact that Plaintiff has several IQ scores which satisfy the requirements of Listing 12.05B, the ALJ determined that Plaintiff did not meet or medically equal the listing for mental retardation. *Id.* at 25-26. The Court first notes that the ALJ incorrectly refers to Listing 12.05C. *Id.* No specific reference is made to Listing 12.05B during the ALJ's analysis. *Id.* Thus, the correct legal standard has not been applied and the ALJ's failure to analyze Defendant's claim under the proper Listing is itself cause to remand this matter. Craig, 76 F.3d at 589.

Moreover, in determining Plaintiff does not meet or medically equal the listing for mental retardation, the ALJ apparently concludes that Plaintiff's IQ test scores are not accurate representations of Plaintiff's level of functioning (Tr. 25-26). For example, the ALJ notes that the fact Plaintiff eventually earned his GED tends to indicate that Plaintiff is not mentally retarded. *Id.* at 25. However, the plain text of Listing 12.05B clearly states that an IQ score of 59 or less meets the listing so long as it is "valid." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05B. Moreover, the introduction of this Listing specifically states that assessments of functional limitations are irrelevant if the criteria of Listing 12.05B is met.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00, Introduction. Here, both individuals who administered Plaintiff's IQ examinations were familiar with Plaintiff's background and academic record (Tr. 167-169, 279). Both specifically noted that Plaintiff had earned his GED. Nonetheless, both individuals ultimately concluded that the results of the IQ were valid. *Id.* at 168-169, 280-281. Thus, the ALJ's determination that they were invalid is simply not supported by substantial evidence.

Because Plaintiff has at least one valid IQ score which meets the standard of Listing 12.05B, the only remaining issue is whether Plaintiff can satisfy the diagnostic description in the first paragraph of Listing 12.00 (i.e.–subaverage general intellectual functioning with an onset before age 22). Again, Fourth Circuit law indicates that absent other evidence it should be assumed that intelligence remains constant throughout life. Braham, 775 F.2d at 1274 (4th Cir. 1985). Regardless, the ALJ did not specifically address the issue in this manner and therefore the matter shall be remanded.

## Conclusion

For the forgoing reasons, it is HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings **[DE-12]** is GRANTED, and that Defendant's Motion for Judgment on the Pleadings **[DE-16]** is DENIED. Specifically, it is ORDERED that Defendant's final decision is REVERSED AND REMANDED to permit an ALJ to evaluate and explain whether Plaintiff meets or medically equals Listing 12.05B.

SO ORDERED in Chambers at Raleigh, North Carolina this 2nd day of November, 2007.

_____
William A. Webb
U.S. Magistrate Judge